**Electronically Filed
Intermediate Court of Appeals
29797
10-NOV-2010
08:52 AM**

NO. 29797

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PROVIDENT FUNDING ASSOCIATES, L.P., Plaintiff-Appellee, v.
NATASHA ANELA VIMAHI AND LUSEANE ENITI VIMAHI,
Defendants-Appellants, and JOHN and MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1788)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendants-Appellants Natasha Anela Vimahi and Luseane
Eniti Vimahi (**Vimahis**) appeal from the Judgment and Writ of
Ejectment issued in favor of Plaintiff-Appellee Provident Funding
Associates L.P. (**Provident**), filed on April 29, 2009 in the
Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, the Vimahis raise four points of error: (1)
there were genuine issues of material fact and therefore
Provident was not entitled to judgment as a matter of law; (2)
Provident lacked standing to sue for ejectment; (3) the Circuit
Court failed to make sufficient findings of fact pursuant to
Hawaii Rules of Civil Procedure (**HRCP**) Rule 52(a); and (4) the
Vimahis should have been allowed to conduct discovery pursuant to
HRCP Rule 56(f).

---

[1] The Honorable Karen N. Blondin presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Vimahis' points of error as follows:

This is an appeal from an action for ejectment, not a foreclosure action. The subject property was foreclosed upon through a nonjudicial foreclosure conducted pursuant to HRS §§ 667-5 to 667-10 prior to the filing of this action. A Mortgagee's Affidavit of Foreclosure Under Power of Sale was recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi on June 27, 2008 as Document No. 3764149. An Amended Mortgagee's Affidavit of Foreclosure Under Power of Sale was recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi on August 19, 2008 as Document No. 3781245. A Quitclaim Deed was recorded in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi on August 13, 2008 as Document No. 3779868 and Transfer Certificate of Title (**TCT**) No. 918,819.

(1) On appeal, the Vimahis claim that they objected to the entry of summary judgment on the ground that the note and mortgage were void in a memorandum in opposition to Provident's motion for summary judgment and for writ of ejectment, in a motion to reconsider, and at a hearing on February 11, 2009. Contrary to their claim, the Vimahis did not raise the issue of a void note and mortgage in their opposition to Provident's motion for summary judgment. Nor did they raise the issue in their motion to reconsider. A transcript of a February 11, 2009 hearing is not part of the record on appeal. The Vimahis did not point to where in the record the alleged error was brought to the attention of the Circuit Court. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).

The first time the Vimahis alleged that the note and mortgage were void pursuant to HRS § 454-1 was in a response to

2

Provident's proposed form of the order granting the motion for summary judgment and writ of ejectment, pursuant to Rule 23 of the Hawaii Rules of the Circuit Court (**HRCC**). Objections pursuant to HRCC Rule 23 are only as to the form or wording of the written order, not substantive objections on the merits because the proposed order must be submitted "within 10 days after decision of the court awarding any judgment, decree or order that requires settlement and approval by a judge[.]" HRCC Rule 23 does not provide a party with another opportunity to make substantive objections after the court has made a decision. The Vimahis' objection to ejectment on the basis that the underlying note and mortgage were void was not made properly in the court below, therefore, the point of error will be disregarded. HRAP Rule 28(b)(4).

Indeed, it appears from the record that Provident is the registered owner of the subject property as evidenced by TCT No. 918,819. Thus, title is conclusive and unimpeachable. See HRS § 501-118; Aames Funding Corp. v. Mores, 107 Hawaiʻi 95, 110 P.3d 1042 (2005) (defenses to mortgages foreclosed upon by exercise of mortgagee's power of sale must be raised prior to entry of new certificate of title). A TCT is binding upon the registered owner and upon all persons claiming under the registered owner. HRS § 501-106(b). In cases where registration was allegedly procured by fraud, the owner may pursue all remedies against the parties to the fraud. HRS § 501-106(b). However, the party alleging fraud must file a petition with the Land Court within one year after entry of the new certificate of title. HRS § 501-71. There is no evidence that the Vimahis ever filed a petition with the Land Court.

We conclude that the Circuit Court did not err in granting summary judgment in favor of Provident on its claim for ejectment.

(2) Provident is the registered owner of the subject property as evidenced by TCT No. 918,819. Accordingly, Provident had standing to sue for ejectment.

(3) HRCP Rule 52(a) requires the court to issue findings of fact upon "all actions tried upon the facts without a jury or with an advisory jury[.] "A summary judgment is not the result of a trial on the merits." Motion Picture Industry Pension Plan v. Hawaiian Kona Coast Assoc., 9 Haw. App. 42, 52, 823 P.2d 752, 757 (1991). The Circuit Court did not try the action upon the facts when it granted Provident's motion for summary judgment. Therefore, the Circuit Court was not required to issue findings of fact and conclusions of law pursuant to HRCP Rule 52(a).

(4) The Circuit Court's decision to deny a request for a continuance pursuant to HRCP Rule 56(f) shall not be reversed absent an abuse of discretion. Assocs. Fin. Servs. Co. of Hawaii, Inc. v. Richardson, 99 Hawai'i 446, 454, 56 P.3d 748, 756 (App. 2002).

> [T]he request must demonstrate how postponement of a ruling on the motion will enable him or her, by discovery or other means, to rebut the movants' showing of absence of a genuine issue of fact. An abuse of discretion occurs where the trial court has clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Id. (citation omitted).

The Vimahis failed to demonstrate how the postponement of a ruling would have enabled them to rebut Providence's showing of an absence of a genuine issue of material fact as to its entitlement to ejectment based on Providence's land court registered title.

For these reasons, the Circuit Court's April 29, 2009 Judgment and Writ of Ejectment are affirmed.

DATED:   Honolulu, Hawai'i, November 10, 2010.

On the briefs:

Gary Victor Dubin
Long H. Vu
Frederick J. Arensmeyer
for Defendants-Appellants

Lester K.M. Leu
Gary Y. Okuda
Karyn A. Doi
(Leu & Okuda)
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge